# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

TOMMY STRICKLAND,          )
AIS # 124708,              )
                           )
    Petitioner,           )
                           )
vs.                        )          CASE #:  2:07-cv-1052-MHT
                           )
WARDEN RALPH HOOKS, *et al.*,  )
                           )
    Respondents.          )

## ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's December 10, 2007 Order, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Tommy Strickland.

The Respondents deny that Strickland is entitled to any relief under the federal writ of habeas corpus.

# I. PROCEDURAL BACKGROUND

## A. TRIAL COURT PROCEEDINGS

Strickland's promoting prison contraband conviction – Elmore County Circuit Court (CC04-1011)

1. On March 4, 1986, Strickland pleaded guilty and was adjudicated guilty on the charge of promoting prison contraband, a violation of Ala. Code § 13A-10-37. [1] Strickland was sentenced as a habitual felony offender to fifteen years' imprisonment, split to be served ten years concurrent with an existing sentence and five years consecutive to another existing sentence.  Exhibit 1.  Strickland's current incarceration is the result of those convictions and sentences.

## B. DIRECT APPEAL PROCEEDINGS

2. On March 12, 2003, Strickland filed a notice of appeal to the Alabama Court of Criminal Appeals challenging his promoting prison contraband conviction and sentence; however, the court dismissed his appeal as untimely and issued a certificate of judgment on March 18, 2003.  See, Strickland v. State, CR-02-1119 (Ala. Crim. App. Mar. 18, 2003).  Exhibit 2.  Because Strickland failed to file a direct appeal, his conviction became final on April 15, 1986, following the 42-day period within which to seek appellate review.  See Ala. R. App. P. 4 (b).

---

[1] At the time of the instant conviction, Strickland was incarcerated on a 1982 conviction for the charge of first degree robbery in Talladega County Circuit Court cases CC-82-265 and CC-82-266.

## C. POST-CONVICTION PROCEEDINGS – ALA. R. CRIM. P. 32

3.  On January 22, 2007, Strickland filed a petition for post-conviction relief

pursuant to Ala. R. Crim. P. 32. Strickland alleged that:

> i)  the trial court was without jurisdiction to render the judgment or to impose the sentence because the range of punishment exceeds the maximum allowed under Alabama law and the sentence, "in part, concurrent and in part, consecutive", was "improperly split" and cannot statutorily be split into increments;
>
> ii)  he was denied effective assistance of counsel because the trial counsel failed to object to the imposed sentence;
>
> iii)  his constitutional protections against double jeopardy were violated; and,
>
> iv)  the sentence imposed was cruel and unusual punishment "in that a 15 year sentence has been manipulated to span [of] over the course of 25 to 30 years".

Exhibit 3, pp. 7-18.

4.  On February 9, 2007, the State filed a motion to dismiss Strickland's

petition, arguing as grounds for dismissal that it was procedurally barred under

Ala. R. Crim. P. 32.2 (c) and 32.2(a). Exhibit 3, pp. 19-20. On February 15, 2007,

the trial court summarily dismissed Strickland's petition. Exhibit 3, pp. 21.

5.  On April 24, 2007, Strickland appealed the trial court's denial of his

petition alleging that the sentence exceeded the maximum allowed under Alabama

law and as such it constituted cruel and unusual punishment.  He failed to reassert

his claims of ineffective assistance of counsel and double jeopardy violations,

3

hence those arguments were deemed abandoned for purposes of appeal.  On September 21, 2007, the Alabama Court of Criminal Appeals affirmed the judgment of the trial court by an unpublished memorandum opinion in <u>Strickland v. State</u>, CR-06-0990 (Ala. Crim. App. Sept. 21, 2006) (mem. op.).  Exhibit 4. Strickland filed an application for rehearing and brief in support which was overruled on October 12, 2007.  Exhibit 5.  The Alabama Supreme Court denied his petition for writ of certiorari on November 9, 2007.  Exhibit 6.  On November 14, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment. Exhibit 7.  Strickland did not seek certiorari review in the United States Supreme Court.

## D.  THE INSTANT PETITION FOR HABEAS CORPUS

6.  On or about November 30, 2007, Strickland filed the instant petition for habeas corpus, where he challenges his promoting prison contraband conviction. In his petition, Strickland argues the following as grounds for relief:

> i)  the violation of the state statute imposing his sentence which was ordered to be served consecutive and concurrent violated his Eighth and Fourteenth Amendment rights;
>
> ii) the ruling by the Alabama Court of Criminal Appeals is contrary to the plain language of the habitual felony offender statute; and,
>
> iii) the U.S. Constitutional violations were not addressed by any State court, and the illegal sentence was a violation of his Eighth Amendment rights. "The illegal sentence must be address (sic) and

4

resolved where Strickland can't be made to serve two convictions for one single crime, a Class C felony."

Petition, p. 3-7.

## II. ARGUMENT

### STRICKLAND'S PETITION AND THE CLAIMS CONTAINED THEREIN ARE BARRED BY THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA) ONE-YEAR LIMITATION PERIOD.[2]

7.   Strickland's petition is barred by the limitation period set forth in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (d)

(1).  The AEDPA imposes a one-year statute of limitation on all habeas corpus

petitions; "[t]his rule 'serves the well-recognized interest in the finality of state

court judgments' and 'reduces the potential for delay on the road to finality by

restricting the time that a prospective federal habeas petitioner has in which to seek

federal habeas review.' "  Drew v. Department of Correction, 297 F. 3d 1278,

1283 (11th Cir. 2002), citing Duncan v. Walker, 533 U.S. 167, 179, 121 S. Ct.

2120, 2128, 150 L. Ed. 2d 251 (2001).  Title 28 U.S.C. § 2244 (d) (1) (A) provides

that the limitation period begins to run on the date that the time for seeking direct

---

[2]  Respondents will only address the one-year statute of limitation violation presented by Strickland's petition for writ of habeas corpus.  Respondents **do not** waive their procedural default claims and reserve the right to raise any procedural default claims should this Court conclude Strickland's federal habeas corpus petition is not barred by the one-year statute of limitation.

5

review of the challenged judgment expires. The limitation period is subject to statutory tolling only under limited circumstances, such as when a properly filed state court postconviction petition is pending for review. Goodman v. United States, 151 F. 3d 1335, 1337 (11th Cir. 1998); 28 U.S.C. § 2254 (d) (2).

8. Strickland failed to file a timely appeal of his March 4, 1986 guilty plea conviction on the charge of promoting prison contraband. His conviction then "became final by the conclusion of direct review or the expiration of the time for seeking such review" on April 15, 1986, the day upon which he could have filed notice of appeal pursuant to Ala. R. App. P. 4 (b) (1). 28 U.S.C. § 2244 (d) (1) (A); Brown v. Hooks, 2006 WL 1004865 at *4 (11th Cir. Apr. 18, 2006) (slip copy); Bridges v. Johnson, 284 F. 3d 1201, 1202 (11th Cir. 2002) (for purposes of determining the AEDPA one-year limitation period, the defendant's convictions became final on the date that his right to appeal expired, where he did not seek a direct appeal from the convictions).

9. Strickland's conviction became final on April 15, 1986, before the enactment of the AEDPA. Strickland also had an opportunity to challenge his conviction and sentence, despite the age of his conviction, until April 24, 1997. "This Court concluded that prisoners whose convictions became final before the enactment of the AEDPA had to be given a 'reasonable time' to file their habeas petitions. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th

6

Cir.1998)… That reasonable period was determined to be until April 23, 1997 -- one year after the enactment of the AEDPA. See id.; see also Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir.1998) (28 U.S.C. § 2255). " Moore v. Campbell, 344 F. 3d 1313, 1319-1320 (11th Cir. 2003).

10. Strickland runs afoul of the equitable application of the statute of limitation that allowed federal petitioners, attacking their convictions, a one-year moratorium from the AEDPA's effective date to file a federal habeas corpus petition. See Calderon v. U.S. Dist. Court for Central Dist. Of Cal., 112 F. 3d 386, 388 (9th Cir. 1997)(one-year time limit does not begin to run against any state prisoner prior to the statute's date of enactment.). Under the equitable application, Strickland had until April 24, 1997, to file his federal habeas petition. Strickland's habeas petition was filed, at the earliest, on November 30, 2007. Strickland did not take advantage of the moratorium, and his petition is filed well past the expiration of the one-year statute of limitation.

11. Strickland has shown no grounds under which he would be entitled to equitable tolling, "an extraordinary remedy which is typically applied sparingly [,]" to excuse his failure to file within the statutory period. Steed v. Head, 219 F. 3d 1298, 1300 (11th Cir. 2000); Howell v. Crosby, 415 F. 3d 1250, 1251 (11th Cir. 2005). Strickland's petition is therefore barred as filed outside the AEDPA

limitation period under Title 28 U.S.C. Section 2244 (d) (1), and is due to be

dismissed for this reason.


### CONCLUSION

Based upon the foregoing authorities and facts, Strickland's petition for writ

of federal habeas corpus should be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


/s/Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Assistant Attorney General
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  mlewis@AGO.State.Al.US

8

## EXHIBITS

Exhibit 1:    <u>State v. Strickland</u>, Elmore County Circuit Court, CC-86-140.00

Exhibit 2:    Certificate of Judgment, <u>Strickland v. State</u>, CR-02-1119
(Ala. Crim. App. Mar. 18, 2003)

Exhibit 3:    Case Action Summary (CC-86-140.60), Alabama Court of Criminal
Appeals CR-06-0990

Exhibit 4:    Alabama Court of Criminal Appeals' September 21, 2007
unpublished memorandum opinion, <u>Strickland v. State</u>, CR-06-0990
(Ala. Crim. App. Sept. 21, 2007) (mem. op.)

Exhibit 5:    Notice Application for Hearing Overruled, <u>Strickland v. State</u>, CR-06-
0990

Exhibit 6:    Alabama Supreme Court's denial of Strickland's petition
for writ of certiorari, <u>Ex parte Strickland</u>, No. 1070107(Ala. Nov. 9,
2007)

Exhibit 7:    Certificate of Judgment, <u>Strickland v. State</u>, CR-06-0990
(Ala. Crim. App. Nov. 14, 2007)

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>16th</u> day of January, 2008, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system and I hereby

certify that I have mailed by United States Postal Service the document (including

all exhibits) to the following non-CM/ECF participants:  <u>Tommy Strickland, AIS</u>

<u>#124708, Red Eagle Honor Farm, 1290 Red Eagle Road, Montgomery, AL 36110</u>.

/s/ Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail: Mlewis@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

360416/116116-001



County: **29 - ELMORE**   Case Number: 29-CC-1986-000140.00   **NOTICE**
Name: **STRICKLAND TOMMY**
Charge: **PROMOT PRISON CONTRA**

## Case

See Case Detail Record from Alacourt.com version 1.

### Case Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| County: | **29 - ELMORE** | Case N°: | **CC-1986-000140.00** | JID: | **SGR SIBLEY G. REYNOLDS** | DEF status: | **P Prison** |
| Filed: | **02/05/1986** | AAGCY: | **C County** | Muni N°: | | City: | |
| Arrest date: | **01/27/1986** | Offe date: | | ORI: | **0290000** | Officer: | |
| Indict date: | **01/18/1986** | Grand jury: | **37** | Atty 1: | | Ticket N°: | |
| Tracking N°'s: | **0/0/0** | | | | | | |
| Date: | | Que: | | Time: | | Desc: | |

### Defendant Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name: | **STRICKLAND TOMMY** | Alias 1: | | | | Alias 2: | |
| DOB: | **09/24/1959** | SSN: | **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** | Driv License N°: | **AL** | | |
| Height : | **5'10"** | Weight: | **178** | Race/Sex: | **White /M** | Eyes/Hair: | **GRN/BRO** |
| SID: | **AL0** | YDate: | | AIS: | **124708** | PR: | **1995 048813** |
| Address 1: | **AIS # 124708** | | | Address 2: | **P O BOX 150** | | |
| Zip: | **36057** | City: | **MT MEIGS** | State: | **AL** | Country: | **US** |

### Prosecutor and Attorney Info

| | | | | | |
|---|---|---|---|---|---|
| Prosecutor: | **JOR027** | Name: **JORDAN JENNIFER RENEE** | | Prosecutor Flag: | **N** |
| Attorney 1: | | Name: | | Attorney 1 Flag: | **Y** |
| Attorney 2: | | Name: | | Attorney 2 Flag: | **Y** |

### Warrant Information

| | | | | | |
|---|---|---|---|---|---|
| Warrant Date: | | WARACT: | | WARLOC: | |
| Warrant Date Code: | **-** | WARACT Code: | **-** | WARLOC Code: | **-** |
| BP ISS: | | | BP RTN: | | |

### Charges

| | | | | | |
|---|---|---|---|---|---|
| 1. Crime co: **PPC2** | Statute: **PROMOT PRISON CONTRABAN 2** | Stat Name: **13A-010-037** | Class/Categ: **F GP** | Counts: **1** | |
| 2. Crime co: | Statute: | Stat Name: | Class/Categ: | Counts: | |
| 3. Crime co: | Statute: | Stat Name: | Class/Categ: | Counts: | |
| More: **N** | Dom Viol: | | Case Type: **F** | Case Categ: **GP** | |
| Comment: | | | | | |

### Bonding Information

| | | | |
|---|---|---|---|
| Bond amt: | **0.00** | Bond type: | Bond co: |
| Rel date: | | Sure: | CWIT: |
| Jury Demand: | | | Appeal Type |

## Settings

## Disposition

## Sentence

RESPONDENT'S EXHIBIT 1

### Sentence TC  29CC198600014000

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Sent: | **03/04/1986** | Begin: | **03/04/1986** | End: | **0** | PRB Beg: | **00 00 000** |
| IMP CONF: | **15 00 000** | SUSP CONF: | **00 00 000** | Total Conf: | **15 00 000** | Jail Cred: | **00 00 000** |



LICN Susp:  **00 00 000**      Probation:   **00 00 000**      PRB Rev:

### Monetary

| | | | | |
|---|---|---|---|---|
| Cost: | Fine Imp:0.00 | Fine Susp: 0.00 | CVCC: | HIS: |
| WCCS: | MCOS: | JFEE: 0.00 | DRGF: # 0 | ASUS: |
| PREL: | DRUG: | RCUP: 0.00 | SUBP: | |
| RES1: 0.00 | | RES2: 0.00 | | RES3: 0.00 |
| RES4: 0.00 | | RES5: 0.00 | | RES6: 0.00 |

### Confine

| | | | | | | |
|---|---|---|---|---|---|---|
| PENT: X | LIFE: | LWOP: | DEATH: | SPLIT: | BOOT: DAYS:0 | EMON: DAYS:0 |
| JAIL: | CCUR: X | CSEC: X | CTERM: | RVSPL: | GANG: DAYS:0 | |

### Programs

| | | | | | | |
|---|---|---|---|---|---|---|
| JDVR: | IPROB: | AASCH: | DUI: | DDC: | CSV: HOURS: 0 | SAPP: |
| PTRL: | BCSCH: | MNTL: | CRO: | ASCH: | ANGER: | DRUGCT: |

### Enhanced

| | | | | |
|---|---|---|---|---|
| PROJ: | CNOT: | SCH: | VDOB: | HOOF: |
| DRUGCODE: | MEAS: | VOL: 0.00 | | |

SEC/CUR:    **X X**

Comment:

Bal Due:        Due:              CRO:            Updated:      **Cost: 03/13/2003**

## Enforcement

## Consolidated Case Action Summary

### Consolidated Case Action Summary TC 29CC198600014000

| Date | Time | Code | Comments |
|---|---|---|---|
| 03/13/2003 | 15:47:20 | JUDG | ASSIGNED TO: (SGR) SIBLEY G. REYNOLDS (AR01) |
| 03/13/2003 | 15:47:21 | STAT | INITIAL STATUS SET TO: "P" - PRISON (AR01) |
| 03/13/2003 | 15:47:22 | ARRS | DEFENDANT ARRESTED ON: 01/27/1986 (AR01) |
| 03/13/2003 | 15:47:23 | FILE | FILED ON: 02/05/1986 (AR01) |
| 03/13/2003 | 15:47:24 | FILE | CHARGE 01: PROMOT PRISON CONTRA/#CNTS: 001 (AR01) |
| 03/13/2003 | 15:47:25 | INDT | DEFENDANT INDICTED ON: 01/18/1986 (AR01) |
| 03/13/2003 | 15:48:20 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: SGR |
| 03/13/2003 | 15:48:21 | DISP | CHARGE 01: PROMOT PRISON CONTR/#CNTS: 001 (AR10) |
| 03/13/2003 | 15:48:22 | DISP | CHARGE 01 DISPOSED BY: GUILTY PLEA ON: 03/04/1986 |
| 03/13/2003 | 15:49:58 | INTR | INDTRL TYPE CHANGED FROM: (AR11) |
| 03/13/2003 | 15:49:59 | ATYW | ATYW TYPE CHANGED FROM: (AR11) |
| 03/13/2003 | 15:50:00 | IRA0 | IRA TYPE CHANGED FROM: (AR11) |
| 03/13/2003 | 15:50:00 | PROS | PROSECUTOR CHANGED FROM: (AR11) |
| 03/13/2003 | 15:52:18 | APDT | APPEAL DATE CHANGED FROM: 00/00/0000 (AR11) |
| 03/13/2003 | 15:52:19 | APTY | APPEAL TYPE CHANGED FROM: (AR11) |

03/13/2003 16:00:07 CH01  DEFENDANT SENTENCED ON: 03/04/1986 (AR05)

03/13/2003 16:00:08 CH01  CONSECUTIVE SENTENCE ORDERED BY THE COURT (AR05)

03/13/2003 16:00:09 CH01  5 YR TO RUN CONSECUTIVE AND 10 YRS TO RUN CC(AR05)

03/13/2003 16:00:10 CH01  SENTENCE TO BEGIN ON: 03/04/1986 (AR05)

03/13/2003 16:00:11 CH01  TOTAL CONFINEMENT: 15 YEARS (AR05)

03/13/2003 16:00:12 CH01  PENITENTIARY PROVISION ORDERED BY THE COURT (AR05)

03/13/2003 16:00:13 CH01  IMPOSED CONFINEMENT: 15 YEARS (AR05)

03/13/2003 16:00:14 CH01  CONCURRENT SENTENCE ORDERED BY THE COURT (AR05)

03/24/2003 09:11:23 ATY1  ATTY 1 CHANGED FROM: (AR11)

03/24/2003 14:25:48 DISP  BY: D - DISMISSED ON: 03/21/2003 (AR11)

**Images**    29-CC-1986-000140.00

**Witness List**

**Financial**

**Motions**

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

**H. W. "Bucky" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

*52079*

**Lane W. Mann**
Clerk
**Wanda K. Ivey**
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

## CERTIFICATE OF JUDGMENT

CR-02-1119

Tommy Strickland v. State of Alabama (Appeal from Elmore Circuit Court: CC86-140).

To the Clerk of the above noted Trial Court, Greetings:

Whereas, the above referenced appeal has been duly examined and considered by the Court of Criminal Appeals; and

Whereas, the Court, having considered the same, has now ordered that said appeal be dismissed as untimely filed;

Now, therefore, it is hereby certified that a judgment of dismissal was entered in said appeal on this the 18th day of March, 2003.

**Done this the 18th day of March, 2003.**

*H. W. McMillan*

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/jz

cc: Honorable Sibley G. Reynolds, Circuit Judge
    Honorable Larry Dozier, Circuit Clerk
    Tommy Strickland, Pro Se, Appellant
    Office of Attorney General


RESPONDENT'S EXHIBIT 2

COURT OF CRIMINAL APPEALS NO. _CR- 06- 0990_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

## CIRCUIT COURT OF ___ELMORE___ COUNTY, ALABAMA

CIRCUIT COURT NO.    CC 1986-140.60

CIRCUIT JUDGE _HON. SIBLEY G. REYNOLDS_

Type of Conviction / Order Appealed From: _RULE 32_

Sentence Imposed: _CASE DISMISSED_

Defendant Indigent:    ☒ YES    ☐ NO

TOMMY STRICKLAND
_____
PRO SE                                                     NAME OF APPELLANT
(Appellant's Attorney)                        (Telephone No.)
1290 RED EAGLE ROAD B1-32A
(Address)
MONTGOMERY, ALABAMA   36110
(City)              (State)                    (Zip Code)

V.

## STATE OF ALABAMA

(State represented by Attorney General)                    NAME OF APPELLEE
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


RESPONDENT'S
EXHIBIT
3

## INDEX

ORGANIZATION OF COURTS.................................................................01

CASE ACTION SUMMARY.................................................................02

IN FORMA PAUPERIS DECLARATION....................................................03

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE.....................07

MOTION TO DISMISS....................................................................19

ORDER.......................................................................................21

MOTION FOR RECONSIDERATION OF RULE 32 PETITION.......................22

NOTICE OF APPEAL.......................................................................25

REPORTER'S TRANSCRIPT ORDER – CRIMINAL....................................29

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT.....................30

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS....32

AMENDED NOTICE OF APPEAL TO THE ALABAMA COURT OF
CRIMINAL APPEALS....................................................................33

AMENDED NOTICE OF APPEAL TO THE ALABAMA COURT OF
CRIMINAL APPEALS....................................................................34

CERTIFICATE OF COMPLETION OF RECORD ON APPEAL BY TRIAL CLERK

**APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA**

AT A REGULAR, ADJOURNED OR SPECIAL SESSION OF THE CIRCUIT

COURT OF ELMORE COUNTY, ALABAMA, CRIMINAL DIVISION, AT WHICH

TIME THE OFFICERS AUTHORIZED BY LAW TO SERVE WERE SERVING, THE

FOLLOWING PROCEEDINGS WERE HAD IN THE CASE STYLES:

TOMMY STRICKLAND
**APPELLANT:**                          IN THE CIRCUIT COURT OF
                                        ELMORE COUNTY ALABAMA
                                        CASE NO: CC1986-140.60

     VS

STATE OF ALABAMA
**APPELLEE:**

**APPEARANCES**

**FOR THE APPELLANT:**                  TOMMY STRICKLAND
                                        AIS#124708
                                        1290 RED EAGLE ROAD
                                        B1-32A
                                        MONTGOMERY, AL 36110

**FOR THE APPELLEE:**                   HON. BILL PRYOR
                                        ATTORNEY GENERAL
                                        11 SOUTH UNION STREET
                                        MONTGOMERY, AL 36130

**CIRCUIT JUDGE:**                      HON. SIBLEY G. REYNOLDS
                                        P. O. BOX 70
                                        CLANTON, AL 35045

**COURT REPORTER:**                     N/A

```
AC  372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1986 000140.60
P   : SUS                     CASE ACTION SUMMARY
    : 1                     CIRCUIT   CRIMINAL                RUN DATE: 01/25/2007
========================================================================================
N THE CIRCUIT COURT OF   ELMORE                                             JUDGE: SGR
STATE  OF  ALABAMA                   VS       STRICKLAND TOMMY
                                              AIS # 124708
CASE: CC 1986 000140.60                        P O BOX 150
                                              MT MEIGS, AL  36057 0000

DOB: 09/24/1959        SEX: M  RACE: W  HT: 5 10  WT: 178   HR: BRO EYES: GRN
SSN: 422905629  ALIAS NAMES:

CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0290000

DATE WAR/CAP ISS:                      DATE ARRESTED: 01/27/1986
DATE    INDICTED:                      DATE    FILED: 01/22/2007
DATE    RELEASED:                      DATE  HEARING:
BOND       AMOUNT:        $.00         SURETIES:

DATE 1:           DESC:                TIME: 0000
DATE 2:           DESC:                TIME: 0000

TRACKING NOS:                     /                        /

    DEF/ATY:                      TYPE:                         TYPE:

                          00000                        00000

PROSECUTOR: GRIFFIN TRACY LOWE

========================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                      GRAND JURY:
COURT REPORTER:                    SID NO:      000000000
OF STATUS: PRISON                  DEMAND:                             OPER: SUS
========================================================================================
          ACTIONS, JUDGEMENTS,  AND  NOTES
========================================================================================
```

| Date | Entry |
|---|---|
| 1/22/07 | In Forma Pauperis Declaration |
| 1/22/07 | Order |
| 1/22/07 | Petition for relief from Conviction or Sentence c. to DA |
| 2/9/07 | Motion to Dismiss |
| 2-15-07 | Case dismissed 8 |
| 2-15-07 | Order c. DA + Deft (Dismissed) |
| 3/7/07 | Motion for Reconsideration g Rule 32 Petition |
| 3/7/07 | Notice g Appeal |
| 3/7/07 | Court Reporter's transcript c. DA, AG, CCa, A. Sharman |
| 3/7/07 | Docketing Statement c. DA, AG, CCa, A. Sharman |
| 3-24-07 | Motion to Reconsider - denied 8 c. Deft |

2

Case Number

*cc №86 000140 (R)*
ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

*Tommy Strickland*
(Petitioner)

vs.

JAN 2 2 2007

*granted*
*SL*
*1-22-07*

*State of Alabama*
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, ___*Tommy Strickland*_____, declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No _X___

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the
        name and address of your employer.

        ___*N/A*_____

        _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and
        wages per month which you received.

        _____

        _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____        No _X___

    b.  Rent payments, interest, or dividends?

        Yes _____        No _X___

    c.  Pensions, annuities, or life insurance payments?

        Yes _____        No _X___

    d.  Gifts or inheritances?

        Yes _X___        No _____

    e.  Any other sources?

        Yes _X___        No _____

3 ?

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

I RECIEVE MONEY FROM MY FAMILY FROM TIME TO TIME TO HELP SUBSIDIZE MY NEEDS. I WORK FOR "A.C.I" AND GET A SMALL AMOUNTE OF COMPENSATION.

3. Do you own cash, or do you have money in a checking or savings account?

Yes __X__          No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No __X__

If the answer is "yes", describe the property and state its approximate value.

N/A

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

N/A

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __1-06-07__
                    (Date)

_Tommy Stidham_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ institution:

_____

_____

_____

_____          _____
DATE                      AUTHORIZED OFFICER OF INSTITUTION

Rule 32                              4

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___1st January 2007___.
(Date)

___+ Tommy Strickland___
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _1st_ day of _January 2007_, _____.

___Donnie E. Brown___
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

---

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

5

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
RED EAGLE HONOR FARM

AIS #: 124708      NAME: STRICKLAND, TOMMY                    AS OF: 01/11/2007

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JAN | 20 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $0.07 | $0.11 |
| OCT | 31 | $18.30 | $198.70 |
| NOV | 30 | $1.92 | $0.00 |
| DEC | 31 | $40.14 | $239.53 |
| JAN | 11 | $61.05 | $0.00 |

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE
## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

Case Number

CC ___CC___ ___N86___ ___000140___
ID     YR     NUMBER

IN THE __CIRCUIT__ COURT OF __ELMORE__, ALABAMA

__TOMMY STRICKLAND__ vs. __STATE OF ALABAMA__
Petitioner (Full Name)                    Respondent

JAN 2 2 2007

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number __124708__  Place of Confinement __RED EAGLE HONOR FARM__

County of conviction __ELMORE__

## NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
## THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack __WETUMPKA, ELMORE COUNTY ALABAMA__

2. Date of judgment of conviction __4TH DAY of MARCH 1986__

3. Length of sentence __(15) FIFTEEN YEARS__

4. Nature of offense involved (all counts) __PROMOTING PRISON CONTRABAND II__

5. What was your plea?  (Check one)
   (a) Guilty __X__
   (b) Not guilty _____
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

7

    (a)  Jury _____.          (b)  Judge only _X_

7.  Did you testify at the trial?

    Yes _____          No _X_

8.  Did you appeal from the judgment of conviction?

    Yes _____          No _X_

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _N/A_

        (2)  Result _N/A_

        (3)  Date of result _N/A_

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _N/A_

        (2)  Result _N/A_

        (3)  Date of result _N/A_

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _N/A_

        (2)  Result _N/A_

        (3)  Date of result _N/A_

Yes _X_      No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _ELMORE COUNTY_

    (2) Nature of proceeding _MOTION FOR SENTENCE CONSOLINATION_

    (3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes _____          No _X_

    (5) Result _DENIED_

    (6) Date of result _5/6/2000 / 10/9/62 - 1-31-03 - 3-4-03_

(b) As to any second petition, application, or motion, give the same information:

    (1) Name of court _ELMORE COUNTY_

    (2) Nature of proceeding _MOTION TO TAKE AWAY CONSECUTIVE STATUS of SENTENCE_

    (3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes _____          No _X_

    (5) Result _DENIED_

    (6) Date of result _3-4-03_

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

    (1) Name of court _____

3

9

      (3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

      (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____          No __X___

      (5)  Result _____

      (6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

      (1)  First petition, etc.       Yes _____          No __X___

      (2)  Second petition, etc.     Yes _____          No __X___

      (2)  Third petition, etc.      Yes __X___        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

ON LAST MOTION I DID APPEAL, I All CASES, I WAS NOT CERTAIN OF

PROPER AVENUE TO PURSUE. _____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

__X__  A.  <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

        For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

__X__ B. **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

__X__ C. **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

   Yes _____          No _X___

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

   (a) Name of court  _N/A_____

   (b) Result  _N/A_____

   (c) Date of result  _N/A_____
       (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

   On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes _____          No _X___

15. Give the name and address, if known, of each attorney who represented you at the following stages

(a) At preliminary hearing _~~Robert~~ JOHN COTTLE_

(b) At arraignment and plea _JOHN COTTLE_

(c) At trial _N/A_

(d) At sentencing _JOHN COTTLE_

(e) On appeal _LIZ HUNTLEY_

(f) In any post-conviction proceeding _LIZ HUNTLEY_

(g) On appeal from adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____        No _X_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No _X_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
    _N/A_

(b) And give date and length of sentence to be served in the future: _N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes _____        No _X_

18. What date is this petition being mailed?
    _JANUARY 4TH 2007_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

CASE # N86000140

RELIEF SOUGHT

COMES NOW THE PETITIONER, TOMMY STRICKLAND, AND RESPECTFULLY ASK THE HONORABLE COURT, AFTER REVIEWING THE FACTS OF THE ABOVE NAMED CASE, TO ON MOTION OF IT'S OWN AUTHORITY OR MOTION BY PETITIONER TO A.) VACATE THE SENTENCE OF 15 YEARS IN THE ABOVE NAMED CASE OR; B.) TO VACATE "INPART" THE SENTENCE, TO A "LAWFULLY AND PROPER" SENTENCE. OR, C.) AMENDED THE SENTENCE, INSPECIFIC, THE 15 YEAR TERM IMPOSED ON 4TH DAY OF MARCH, 1986 BE TERMINATED ON SUCH DATE AS IS 15 YEARS TERM, CONTINUOUS. (APPX DATE OF TERMINATION IS MARCH 4, 2001 ) D.) BARRING ANY OF THOSE OPTIONS, THE PETITIONER WOULD ASK THAT THE HONORABLE COURT AMEND THE SENTENCE TO THE 10 YRS AS IS ALLOWED BY LAW FOR A CLASS "C" FELONY AND THEREBY TERMINATING THE SENTENCE ALTOGATHER.

UPON SUCH ACTION, THE PETITIONER ASK THAT A COPY OF THE ORDER BE SENT TO THE ALABAMA DEPT. OF CORRECTIONS, CLASSIFICATION DEPT TO REFLECT THE LAWFUL AMENDED SENTENCE.

14

GROUNDS FOR RELIEF

THE COURT WAS WITHOUT JURISDICTION TO IMPOSE THE SENTENCE

CLAIM I.

THERE IS NO PROVISION WITHIN THE CODE OF ALABAMA 1975, NOR IN THE ALABAMA RULES OF COURT THAT WOULD ALLOW FOR A SENTENCE OF (15) FIFTEEN YEARS TO BE "SPLIT" INTO INCREMENTS, OR FOR A SENTENCE TO BE "IN PART" TO RUN CONCURRENT AND "IN PART" TO RUN CONSECUTIVE. UNDER TITLE 15-18-8, CODE OF ALABAMA (SPLIT SENTENCE ACT) IT PLAINLY STATES, "THE MAXIMUM AMOUNT" A SENTENCE OF (15) FIFTEEN YEARS CAN BE "SPLIT" IS (3) YEARS, EVEN SO, THIS TITLE WOULD NOT APPLY IN THE INSTANT CASE. THE DEFENDANT, MERELY QUOTES THIS TITLE TO GIVE AN EXSAMPLE THAT ALABAMA LAW IN NO WAY SUPPORTS SUCH A SENTENCE. AT BEST, THE PRESENT SENTENCE WOULD EXCEED THE MAXIMUM ALLOWED BY LAW, AT WORST, THE SENTENCE IS GROSSLY ILLEGAL / IMPROPER. THUS, THE TRIAL COURT EXCEEDED ITS AUTHORITY IN IMPOSING SUCH A SENTENCE.

CLAIM II.

UNDER RULE 1907-6519 ALABAMA RULES OF COURT, ONCE A SENTENCE HAS BEGUN IT CANNOT BE HALTED, DELAYED OR OTHERWISE STOPPED, UNLESS, THE DEFENDANT HAS IN SOME WAY CAUSED A "DELIQUENT" PERIOD IN SAID SENTENCE. I.E. REVOCATION OF PROBATION OR PAROLE, CLEARLY THIS IS NOT THE CASE IN THE PRESENT MATTER AS THE DEFENDANT HAS NOT RECIEVED PROBATION NOR PAROLE ON THIS CASE, AND IN NO OTHER WAY HAS THE DEFENDANT "CAUSED A DELAY OF SENTENCE"
(KING - EX PARTE 16 ALA. APP. 118 )

THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW; OR IS
OTHERWISE NOT AUTHORIZED BY LAW:

CLAIM I:

A (15) YEAR SENTENCE, IS BY DEFINATION AND BY LAW, JUST WHAT IT SAYS.
(15) YEARS... FROM THE DAY OF SENTENCING, THE DURATION OF THE SENTENCE IS
NOT TO EXCEED THE TERM IMPOSED. IN THE INSTANT CASE, THE TERM OF SENTENCE
IMPOSED IS (15) YEARS TO BEGIN ON THE 4TH DAY OF MARCH ; 1986. BASED
ON THIS DATE, THE SENTENCE SHOULD "TERMINATE" THE 4TH DAY OF MARCH 200.
BY VIRTUE OF "LONG DATE." IN THIS INSTANT CASE, THE "TERMINATION DATE" FAR
EXCEEDS THE (15) YEAR TERM, BY AT LEAST 10 YEARS, DUE TO THE FACT THE
SENTENCE IS WITH "GOOD TIME." THEREFORE THE SENTENCE IS ILLEGAL / IMPROPER
AND CAN BE CHALLENGED AT ANY TIME. ( ROGERS V. STATE 728 SO 2d 690, BRADDON V.
STATE 547 SO 2d 68, HUNT V. STATE 659 SO 2d 998 ) IN RESPECT TO THE
"CONTINOUS SENTENCE, THE CONST. OF ALA, UNDER 1907 - 6519 STIPULATES A SENTENCE
MUST BE CONTINOUS. ( EX PARTE KING 16 ALA. APP. 118)

CLAIM II:

THE SENTENCE IMPOSED EXCEEDS THE RANGE OF PUNISHMENT FOR A "CLASS C"
FELONY. RANGE OF PUNISHMENT IS 1-10 YEARS, THE DEFENDANT RECIEVED 15 YEARS,
ALTHOUGH, THE STATE DID "SHOW INTENT" TO INVOKE THE H.O.F.A. 13A-5-9,
THEY NEVER ACTUALLY PROVED OR ATTEMPTED TO PROVE ANY PRIOR FELONIES.
THEREFORE, THE SENTENCE SHOULD NOT BEEN ENHANCED, THE MAXIMUM ALLOWED
PUNISHMENT IS 10 YEARS. ( RULE 26 (B) (3) (iii) ALA RULES OF COURT )
( HORN V. STATE 912 SO 2d 539)


CLEARLY, THIS SENTENCE IS UNAUTHORIZED BY LAW, AND EXCEEDS THE
MAXIMUM AUTHORIZED BY LAW. THEREFORE, THE DEFENDANT RESPECTFULLY PRAYS
THE HONORABLE TAKE CORRECTIVE MEASURES AND VACATE SAID SENTENCE,
AT LEAST IN PART.

THE CONSTITUTION OF THE UNITED STATES OR THE STATE OF ALABAMA REQUIRES A NEW SENTENCE PROCEEDING OR OTHER RELIEF

CLAIM I. INEFFECTIVE ASSISTANCE OF COUNSEL:

COUNSEL THAT WAS APPOINTED IN THIS MATTER WAS INEFFECTIVE IN THE FACT THAT A.) HE ALLOWED THE STATE OF ALABAMA AND THE TRIAL COURT TO IMPOSE AN ILLEGAL / IMPROPER SENTENCE WITHOUT OBJECTING IN THE DEFENDANTS FAVOR / BEHALF. I.E. THE SENTENCE IMPOSED IS NOT AUTHORIZED BY THE RULES OF COURT (RULE ___26___ ) ALABAMA RULES OF COURT. B.) APPOINTED COUNSEL FAILED TO ADVISE OR NOTIFY THE DEFENDANT THAT THE SENTENCE BEING IMPOSED WAS / IS INFACT ILLEGAL / IMPROPER AND IS OTHERWISE NOT AUTHORIZED BY LAW.

CLAIM II. DOUBLE JEOPARDY

THE DEFENDANT MAKES THE CLAIM OF "DOUBLE JEOPARDY" WHICH IS A DIRECT VIOLATION OF THE 5TH AMENDMENT TO THE CONSTITION OF THE UNITED STATES. IN PART IT STATES: " NO PERSON SHALL BE TWICE HELD IN JEOPARDY OR OTHERWISE TWICE PUNISHED FOR THE SAME OFFENSE". IT IS CLEAR THAT THE DEFENDANT IS BEING "TWICE PUNISHED" ON THE SAME OFFENSE. TO WIT, A SENTENCE THAT HAS BEEN IMPOSED (15) FIFTEEN YEARS WAS IMPROPERLY "SPLIT", 10 YRS TO BE RUN CONCURRENT, THEN A (10) TEN YEAR DELAY AND THE REMAINING (5) FIVE YEARS TO RUN CONSECUTIVE, THE SAME, CASE NUMBER, SAME OFFENSE LISTED AS TWO SEPERATE SENTENCES, WHICH CLEARLY IS A BLANTANT CASE OF DOUBLE JEOPARDY. AS IT IS THE PETITIONER IS SERVING (2) TWO SENTENCES FOR (1) OFFENSE. SEE EXHIBIT "A"

CLAIM III  CRUEL AND UNUSUAL PUNISHMENT - 8TH AMENDMENT, U.S. CONST.

DEFENDANT CLAIMS THAT THE SENTENCE IMPOSED IS CRUEL AND UNUSUAL IN THAT, A (15) YEAR SENTENCE HAS BEEN MANIPULATED TO SPAN OF OVER THE COURSE OF A (25) TWENTY-FIVE TO (30) YEARS.

A7

CASE # N 86 000 140

TOMMY STRICKLAND

V.

STATE OF ALABAMA


EXPLANATION FOR GROUNDS FOR RELIEF


IN THIS RULE 32 PETITION, I TOMMY STRICKLAND, PETITIONER MAKE SEVERAL CLAIMS, THUS I WILL EXPLAIN EACH CLAIM BRIEFLY.

CLAIM I. INEFFECTIVE ASSISTANCE OF COUNSEL - APPOINTED COUNSEL WAS INEFFECTIVE IN THAT HE NEVER ADVISED ME THAT THE PLEA AGREEMENT I WAS TO ENTER INTO WAS NOT PROPER, LEGAL OR OTHERWISE IN MY BEST INTRES THE FACT IS, APPOINTED COUNSEL, NEVER EVEN SPOKE TO ME.

CLAIM II. ILLEGAL / IMPROPER SENTENCE - THE SENTENCE IMPOSED (15) YEARS IS NOT LEGAL IN THE FACT IT IS EQUIDILANT TO A "SPLIT" IN WHICH THERE ARE NO PROVISIONS IN ALABAMA CRIMINAL CODE 1975 THAT WILL PROVIDE FOR SUCH A SENTENCE, FURTHERMORE, THE SENTENCE WAS IMPOSED ON MARCH 4, 1986, BY LAW, ONCE THE SENTENCE HAS BEEN IMPOSED IT MUST CONTINUE UNTIL THE END OF SENTENCE, AS A MATTER OF LAW THE SENTENCE CANNOT BE "STOPPED" TO RESUME AT A LATER DATE. IN EFFECT, THE PETITIONER IS SERVING (2) TWO SENTENCE'S FOR THE SAME OFFENSE, SEE EXHIBIT "A".

CLAIM III  THE SENTENCE EXCEEDS THE MAXIMUM ALLOWED BY LAW.- THE PETITIONER, PLEAD GUILTY TO A CLASS "C" FELONY, THE MAXIMUM PENALTY ALLOWED BY LAW IS 10 YEARS. THE DEFENDANT RECIEVED A TERM OF (15) YEARS. ALTHOUGH THE STATE SHOWED "INTENT" TO INVOKE THE H.O.F.A. (13A-5-9) CODE OF ALABAMA 1975, IT FAILED TO PROVE IN THE PROPER MANNER UNDER RULE 26 (B)(3)(iii), IN WHICH THE RULES ARE CLEAR AND SPECIFIC AS TO WHAT MUST BE DONE. THE STATE FAILED TO DO SO.

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
ELMORE COUNTY, ALABAMA

| | | |
|---|---|---|
| TOMMY STRICKLAND | * | |
| PETITIONER, | * | |
| vs. | * | CASE NO.: CC-1986-140.60 |
| | * | |
| STATE OF ALABAMA | * | FEB - 9 2007 |
| RESPONDANT. | * | |

## MOTION TO DISMISS

COMES NOW the State of Alabama, by and through the Office of the District Attorney for the Nineteenth Judicial Circuit, and moves this Honorable Court to dismiss the above styled Rule 32 ARCrP Petition, and as grounds therefore submits to the Court the following:

1. Petitioner filed motions for sentence consolidation on May 3rd 2000, October 4th, 2002, January 29th, 2003, and February 26th, 2003. All motions were denied. He filed a notice of appeal with the Court of Criminal Appeals on March 13th, 2003. The Court of Criminal Appeals entered a certificate of judgment on March 21st, 2003 stating the appeal was to be dismissed as untimely filed.

2. Petitioner filed this Rule 32 Petition on January 23rd, 2007. He avers ineffective assistance of counsel, that the Court lacked jurisdiction to render judgment or impose sentence, and that the sentence imposed exceeded the maximum as allowed by law. Specifically he states that there is no provision in the law for his sentence to be split into increments i.e. in part to run concurrent and in part to run consecutive. He argues that under Code of Alabama 1975 §15-18-8 that the maximum amount a sentence of fifteen (15) years can be split is three (3) years.

3. *Code of Alabama 1975* §15-18-8 deals with split sentences. Petitioner's sentences were not split but rather were in part consecutive and in part concurrent, therefore this code section is not applicable and his argument is without merit.

4. Petitioner next argues ineffective assistance of counsel in that his counsel allowed the trial court to impose an illegal/improper sentence. Rule 32.2c ARCrP requires ineffective assistance of counsel issues be filed within two (2) years after the time for filing an appeal lapses or the certificate of final judgment is entered. *Mosley v. State*, 616 So2d. 362, Ala Crim. App. (1993). Petitioner's Rule 32 was not filed within two years of the certificate of judgment and therefore Petitioner is precluded from raising this issue.

5. Petitioner further makes arguments of double jeopardy and cruel and unusual punishment. These issues should have been raised at trial or on appeal and therefore Petitioner is precluded from raising them now. Rule 32.2a3 and 32.2a5.

**WHEREFORE PREMISES CONSIDERED,** The District Attorney requests that the said Rule 32 ARCrP Petition be dismissed.

**RESPECTFULLY SUBMITTED,** this the 9th day of February, 2007.

Office of the District Attorney

19th Judicial Circuit

P.O. Box 700

Wetumpka, AL 36092

Bradley E. Ekdahl (EKD 001)

Assistant District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents on Petitioner, Tommy Strickland, by placing a properly addressed coy of said document in the U.S. regular mail, postage prepaid on this the 19th day of January, 2006.

Tommy Strickland

AIS # 124708

Red Eagle Honor Farm

1290 Red Eagle Road

Montgomery, Alabama 36110

Bradley E. Ekdahl (EKD 001)

Assistant District Attorney

P.O. Box 700

Wetumpka, AL 36092

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
ELMORE COUNTY, ALABAMA

TOMMY STRICKLAND         *
          PETITIONER,     *
vs.                       *     CASE NO.: CC-1986-140.60
                         *
STATE OF ALABAMA        *
          RESPONDANT.

FEB 1 5 2007

## ORDER

    **THE COURT,** having considered the Petitioner's Rule 32 ARCrP Petition and having made the following findings:

1. Petitioner's claim of ineffective assistance of counsel is time barred under Rule 32.2c.

2. Petitioner's claims of double jeopardy and cruel and unusual punishment should have been raised previously under 32.2a

3. Petitioner's claim of lack of jurisdiction focuses on a misstatement of code section §15-18-8.

       Based on the foregoing, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Petitioner's Rule 32 ARCrP is dismissed. The cost of this proceeding is hereby taxed against the Petitioner. The Commissioner of the Department of Corrections is **ORDERED** to withhold such sums from the account of Petitioner as allowed by law, and remit the same to the Circuit Clerk of Elmore County, Alabama, to be applied against the court cost herein.

**DONE** this the _____15_____ day of _____Feb_____, 2007.

JUDGE SIBLEY REYNOLDS
PRESIDING CIRCUIT JUDGE

IN THE CIRCUIT COURT OF ELMORE COUNTY

WETUMPKA, ALABAMA

TOMMY STRICKLAND

VS.

STATE OF ALABAMA

CASE #N 86900140.60
MAR - 1 2007

MOTION FOR RECONSIDERATION OF
"RULE 32" PETITION.
P.1 of 2

COMES NOW THE PETITIONER, TOMMY STRICKLAND (PRO-SE), IN THE ABOVE STYLED MANNER AND CAUSE AND MOVES THE HONORABLE COURT TO RECONSIDER IT'S PREVIOUS ORDER DENYING THE PETITIONERS "RULE 32" PETITION. (DENIED FEB 15, 2007) FOR THE FOLLOWING GOOD CAUSES:

1.) THE PETITIONER HAS MADE VALID CLAIMS THAT THE SENTENCE THAT WAS IMPOSED ON MARCH 4TH, 1986. IS ILLEGAL/IMPROPER.

2.) THE HONORABLE COURT DENIED THE PETITIONERS RULE 32 PETITION (IN PART) DUE TO "MISTATING TITLE 15-18-8, CODE OF ALABAMA INFACT, THE PETITIONER DID NOT AND DOES NOT CLAIM HE WAS SENTENCED UNDER SAID TITLE, INFACT, HE WAS NOT. THE PETITIONER SIMPLY WAS USING TITLE 15-18-8 AS AN EXAMPLE.

3.) IT WOULD APPEAR, THE HONORABLE COURT DOES INFACT RECOGNIZE, THE SENTENCE IN QUESTION IS INFACT IMPROPER/ILLEGAL AND CAN OF IT'S OWN ACCORD "AMEND" OR "MOTION" TO CORRECT AN INJUSTICE. THE PETITIONER RESPECTFULLY REQUEST THIS COURSE OF ACTION.

4.) THE PETITIONER, IN PROPER MANNER, REQUESTED THAT "COUNSEL BE APPOINTED" AS WELL AS "INFORMA PAUPIS" BE GRANTED, OF

22

P. 2 of 2

WHICH THE HONORABLE COURT MADE NO RULING OR REFERENCE TO EITHER LEGAL, PROPER AND LAWFUL DOCUMENT. THE PETITIONER, DOES HEREBY REQUEST A RULING BE MADE ON THESE ISSUES FOR THE PURPOSE OF FUTURE LITIGATION, SHOULD IT BECOME NESSESSARY.

5.) THE PETITIONER CLAIMS THE "MAIN THRUST" OF HIS "RULE 32" PETITION WAS NOT ADDRESSED AT ALL, TO WIT; THE FACT HE IS CHALLENGING AN IMPROPER / ILLEGAL SENTENCE. WHICH IS, A.) A JURISDICTIONAL ISSUE AND CAN BE RAISED AT ANYTIME, NOT TO BE "TIME-BARRED" NOR "PROCEDURALLY BARRED". IN ADDITION THIS IS A DIRECT VIOLATION OF BOTH THE CONSTITUTION OF THE UNITED STATES AS WELL AS THE 1901 CONSTITUTION OF THE STATE OF ALABAMA.

6.) THE PETITIONER, IN AN EFFORT TO SEE JUSTICE PREVAIL, AS IS DUE HIM, AND IN THE QUICKEST, LEAST COSTLY TO ALL PARTIES, AS THIS IS A FAIRLY SIMPLE MATTER AND THE PETITIONER'S ONLY REQUEST IS THAT THE TRIAL COURT ISSUE AN ORDER AMENDING SAID SENTENCE TO A "STRAIGHT 15 YEAR SENTENCE TO BE RUN CONCURRENT." THE PETITIONER HAS SERVED. WELL IN EXCESS OF THE 15 YEARS. (DAY FOR DAY)

WHEREFORE, THE PETITIONER PRAYS THE HONORABLE COURT GRANT THIS MOTION AND IMPOSE / GRANT THE RELIEF SOUGHT

DONE THIS 5TH DAY OF MARCH, 2007

TOMMY STRICKLAND,

Tommy Strickland

(PRO-SE)

CERTIFICATE OF SERVICE

I TOMMY STRICKLAND, UNDER PENALTY OF PERJURY, DO HEREBY SWEAR THAT THE FOREGOING DOCUMENT "MOTION FOR RECONSIDERATION" IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. THAT A COPY OF SAID DOCUMENT HAS BEEN DELIVERED, VIA U.S. POSTAL SERVICE TO THE HON. LARRY DOZIER, CLERK OF COURT, ELMORE COUNTY ALABAMA ON THIS 5TH DAY OF MARCH 2007

TOMMY STRICKLAND

Tommy Strickland

PRO-SE

CC 1. HON LARRY DOZIER

CLERK OF COURT - ELMORE COUNTY, ALABAMA

P.O. BOX 310

WETUMPKA, ALABAMA  36092-0310

IN THE CIRCUIT COURT of ELMORE COUNTY

WETUMPKA, ALABAMA

TOMMY STRICKLAND

VS

STATE of ALABAMA

CASE# N86000140.60

MAR - 1 2007

NOTICE of APPEAL

P. 1 of 2

COMES NOW THE APPALANT, TOMMY STRICKLAND (PRO-SE) AND HEREBY GIVES NOTICE of APPEAL IN THE ABODE CAUSE, STYLE AND MANNER. AS A RESULT of THE MATTER of A "RULE 32" POST-CONDICTION RELIEF FILED IN THE ELMORE COUNTY, ALABAMA JURISDICTION ON THE 19TH DAY of JANUARY 2007. THE APPALANT ALLEGES THE FOLLOWING: (BUT, DOES NOT LIMIT HIMSELF TO THESE CLAIMS).

1.) THE TRIAL COURT FAILED TO APPOINT COUNSEL AS REQUESTED.

2.) THE TRIAL COURT CHARGED THE PETITIONER A FILING FEE IN SPITE of THE FACT THE PETITIONER, DID INFACT FILE AN "INFORMA PAPUIS STATEMENT" SHOWING HE IS INFACT INDIGENT.

3.) THE TRIAL COURT FAILED TO ADDRESS THE ISSUE/FACT THAT THE APPALANT IS INFACT SERVING AN IMPROPER/ILLEGAL SENTENCE. EVEN THOUGH, THE APPALANT CLEARLY MADE THIS CLAIM.

4.) THE TRIAL COURT DID NOT HOLD AN EVIDENTUARY HEARING TO EXPLORE THE MERITS of THE CLAIMS SET-FORTH BY PETITIONER IN HIS RULE 32 PETITION.

5.) THE TRIAL COURT ERRORED IN ITS RULING BY SAYING THAT THE PETITIONER "MISTATED HIS CLAIM" I.E. (PERTAING TO TITLE 15-18-8. CODE of ALABAMA 1975, THIS TITLE WAS USED AS AN EXSAMPLE ONLY, THE PETITIONER DOES NOT CLAIM HE WAS SENTENCED

P. 2 of 2
NOTICE OF APPEAL - CONTINUED

UNDER THIS TITLE,

6.) THE TRIAL COURT ERRORED IN THE FACT THAT, IT WOULD APPEAR THE TRIAL COURT DOES INFACT RECOGNIZE THAT THE APPALANT IS INFACT SERVING AN ILLEGAL / IMPROPER SENTENCE AND HAS ASKED THAT THIS ERROR BE CORRECTED. HOWEVER, THE TRIAL COURT HAS REFUSED TO TAKE ACTION TO GRANT RELIEF IN THIS MATTER.

WHEREFORE, THE APPALANT, TOMMY STRICKLAND. HEREBY GIVES WRITTEN NOTICE OF APPEAL TO ALL PARTIES CONCERNED AS IS SET-FORTH IN ALABAMA RULES OF CRIMINAL APPEALS RULES.

TOMMY STRICKLAND

*Tommy Strickland*
PRO SE

DONE THIS 5TH DAY OF MARCH 2007

CC 1, HON, LARRY DOZIER
    CLERK OF COURT, ELMORE COUNTY, ALABAMA
P.O. BOX 310
WETUMPKA, ALABAMA

CC 2
    HON, LANE MANN - CLERK OF COURT - COURT OF CRIMINAL APPEALS
    300 DEXTER AVE
    MONTGOMERY, ALABAMA 36104

CERTIFICATE OF SERVICE

I TOMMY STRICKLAND, UNDER PENALTY OF PERJURY DO HEREBY SWEAR THAT THE INFORMATION CONTAINED IN THE FORE-GOING DOCUMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. A COPY OF THESE DOCUMENTS HAVE BEEN PLACED IN THE U.S. POSTAL SERVICE FOR DELIVERY TO ALL PARTIES ON THIS 5TH DAY OF MARCH 2007

TOMMY STRICKLAND

Tommy Strickland

PRO-SE

ENCLOSED DOCUMENTS

1.) NOTICE OF APPEAL, CASE # N86000140.60

2.) REPORTERS TRANSCRIPT ORDER - CRIMINAL

3.) COURT o CRIMINAL APPEALS DOCKETING STATEMENT

CC:1 HON. LARRY DOZIER - CLERK OF COURT

ELMORE COUNTY ALABAMA

P.O. BOX 310

WETUMPKA, ALABAMA  36092-0310

CC:2 HON. LANE MANN - CLERK OF COURT

COURT OF CRIMINAL APPEALS

300 DEXTER AVE

MONTGOMERY, ALABAMA

36104

27

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1986) 000140. 0
JUDGE ID:  SGR

ITY OF WETUMPKA                    VS    TOMMY E. STRICKLAND

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------|
| 5/3/00 | Motion for Sentence Consolidation |
| 5-16-00 | Court is without jurisdiction to modify any Sentence (SR) c. DA & T.S. |
| 10-4-02 | Motion for Sentence Consolidation |
| 10-9-02 | Court is without jurisdiction to consolidate sentence (SR) |
| 1-29-03 | Motion Nunc Pro Tunc |
| 1-31-03 | Motion to Modify sentence - denied (SR) c. DA + J. Strickland |
| 2-26-03 | Motion to Take Away Consecutive Status of Sentence |
| 3-4-03 | Motion to Modify sentence - denied (SR) c. DA + J. Strickland |
| 3-12-03 | Deft Notice of Appeal + Request for Attorney |
| 3-12-03 | Court of Criminal Appeals Docketing Statement |
| 3-12-03 | Reporters Transcript Order |
| 3-13-03 | Notice of Appeal to Court of Criminal Appeals c. DA + a. Sharman AG |
| 3-19-03 | Court Appoints Hon Liz Huntley to represent defendant (SR) |
| 3-21-03 | Certificate of Judgment |

# FORM 1C.  REPORTER'S TRANSCRIPT ORDER—CRIMINAL

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R.App.P.) | Criminal Appeal Number<br>___ _____ |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑CIRCUIT COURT ☐DISTRICT COURT ☐JUVENILE COURT OF  *ELMORE*  COUNTY

*TOMMY STRICKLAND*  Appellant  MAR 2007

v.  ☑STATE OF ALABAMA  ☐MUNICIPALITY OF _____

*FILED*

| Case Number<br>N 86000140.60 | Date of Judgment/Sentence/Order<br>2/15/2007 | |
|---|---|---|
| Date of Notice of Appeal<br>Oral:    Written: 3/5/07 | Indigent Status Granted:<br>☐Yes  ☑No *(UNRULED)* | |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF CRIMINAL PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

*Tommy Strickland*    3/5/07    *TOMMY STRICKLAND*
Signature    Date    Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.    _____

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)    _____

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)    _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED    DATE    COURT REPORTER(S)

D. _____    _____    _____

E. _____    _____    _____

F. _____    _____    _____

G. _____    _____    _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____    _____    _____
Signature    Date    Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

[Adopted effective October 1, 1991.]

29

State of Alabama
Unified Judicial System

Form ARAP-26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

## A GENERAL INFORMATION:

☐ CIRCUIT COURT  ☒ DISTRICT COURT  ☐ JUVENILE COURT OF _ELMORE_ COUNTY

_TOMMY STRICKLAND_ Appellant

V.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF

| Case Number: | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| N20-000110-00 | FEB 1/2000 | 2/25/07 |
| Number of Days of Trial/Hearing | Date of Notice of Appeal | |
| O Days | Oral: | Written: 3/5/07 |

Indigent Status Requested:  ☒ Yes  ☐ No     Indigent Status Granted:  ☐ Yes  ☒ No _(NOT RULED ON)_

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.   If no attorney, will appellant represent self?  ☒ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number |
|---|---|
| PRO-SE | N/A |
| Address | City | State | Zip Code |
| 1290 RED EAGLE ROAD | MONTGOMERY | ALABAMA | 36110 |

## C CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| N/A | N/A |
| Codefendant | Case Number |
| N/A | N/A |
| Codefendant | Case Number |
| N/A | N/A |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction   4 ☒ Pretrial Order   7 ☒ Juvenile Transfer Order   10 ☐ Other (Specify)
2 ☐ Post-Conviction Remedy   5 ☒ Contempt Adjudication   8 ☐ Juvenile Delinquency
3 ☒ Probation Revocation   6 ☒ Municipal Conviction   9 ☐ Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - §   6 ☐ Trafficking in Drugs - §   11 ☐ Fraudulent Practices - §
2 ☐ Homicide - §   7 ☐ Theft - §   12 ☐ Offense Against Family - §
3 ☐ Assault - §   8 ☐ Damage or Intrusion   13 ☐ Traffic - DUI - §
4 ☐ Kidnapping/Unlawful   to Property - §   14 ☐ Traffic - Other - §
   Imprisonment - §   9 ☐ Escape - §   15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - §   10 ☐ Weapons/Firearms - §

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  ☐ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _3/5/07_
   (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☒ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

X. SIGNATURE

T-C-E

## POST JUDGMENT MOTIONS: List all post judgment motions by date of filing, type and date of disposition if entered by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP).

| DATE OF FILING | | | TYPE OF POST JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 05 | 03 | 00 | MOTION FOR SENTENCE CONSOLIDATION | 05 | 06 | 00 |
| 10 | 04 | 02 | MOTION FOR SENTENCE CONSOLIDATION | 10 | 09 | 02 |
| 01 | 29 | 03 | MOTION TO MODIFY SENTENCE | | | 03 |
| 02 | 26 | 03 | MOTION TO MODIFY SENTENCE | 03 | 12 | 03 |

ADDITIONAL INFO SEE ATTACHMENT (EXHIBIT A)

## NATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

ON MARCH 14TH 1986 THE APPLANT PLEAD GUILTY TO A CHARGE OF MURDER

PRISON CONTRABAND ... ... AND RECIEVED A 10 YR SENTENCE ...

SENTENCE. THIS SENTENCE IS IMPROPER & ILLEGAL IN THE FACT IT IS PART

CONSECUTIVE AND IN PART CONCURRENT OF WHICH THERE ARE NO PROVISIONS

IN/UNDER ALABAMA LAW. FOR SUCH A SENTENCE THE APPLANT HAS ATTEMPTED

NUMEROUS TIMES TO PETITION THE TRIAL COURT (SEE PREVIOUS MOTIONS ...)

TO CORRECT THIS ERROR TO NO AVAIL. ON JANUARY 14TH 2003 THE APPLANT

FILED A RULE 32 PETITION IN THIS MATTER ... THE TRIAL COURT

DENIED THE PETITION ... ... THE APPEAL FOLLOWS

IT MUST BE NOTED THE APPLANT IS INCARCERATED AND THE RECORD AT

RED EAGLE HONOR FARM (LEGAL LOG) WILL REFLECT THE APPLANT DID NOT RECIEVE

THE DENIAL UNTILL 3/20/07 A FULL WEEK AFTER JUDGEMENT

## ISSUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary)

1.) TRIAL COURT FAILED TO APPOINT COUNSEL ON RULE 32 ...

2.) TRIAL COURT DID NOT GRANT INDIGENT APPLICATION ... ... ETC.

3.) CLEARLY THE SENTENCE LAPSED AND CHALLENGED AS ILLEGAL PETITION

AND COULD BE RAISED AT ANY TIME. THE TRIAL COURT ... ...

ISSUE. IT IS THE ... ... ... ...

4.) THE TRIAL COURT CLAIMS, "THE PETITIONER MISTATED HIS SENTENCE"

THE FACT REMAINS THE TRIAL COURT IS IN FACT AWARE THIS SENTENCE

IS ILLEGAL/IN ERROR AND IS "BOUND BY LAW" TO CORRECT THIS ILLEGAL

TERM BY ITS OWN MOTION OR ... ... BY THE PETITIONER.

### F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?   Yes ☐   No ☑

### G. TRANSCRIPT:

1. Are the proceedings on appeal transcribed by a reporter?   Yes ☐   No ☑

2. If a transcript is ordered "/" in "Yes", date the date the Reporter's Transcript Order was filed. _____

3. If a transcript is not ordered _____   No ☑

### H. SIGNATURE

Date   3 5 07   Signature of Attorney/Party Filing this Form   James ... ... pro se

ACR371                          ALABAMA JUDICIAL DATA CENTER
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                            BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT OF   ELMORE COUNTY
STATE OF ALABAMA VS STRICKLAND TOMMY              JUDGE: SIBLEY G. REYNOLDS
-----------------------------------------------------------------------------
  APPEAL DATE: 03/07/2007
-----------------------------------------------------------------------------
  INDIGENCY STATUS:
     GRANTED INDIGENCY STATUS AT TRIAL COURT:          X    YES          NO
     APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    X    YES          NO
     INDIGENT STATUS REVOKED ON APPEAL:                     YES    X     NO
     INDIGENT STATUS GRANTED ON APPEAL:                     YES    X     NO

  DEATH PENALTY: NO

  APPEAL TYPE: RULE 32 PETITION

  THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
  WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

  CO/CASE NUMBER: 29/CC 1986 000140.60

  ORDER ENTERED(DATE): 02152007 PETITION: X DISMISSED ___ DENIED ___ GRANTED
-----------------------------------------------------------------------------
  POST-JUDGMENT MOTIONS FILED:    DT FILED       DT DENIED      CON BY AGREE
  ____ MOTION FOR NEW TRIAL
  ____ MOTION FOR JUDG. OF ACQUIT _____    _____     _____
  ____ MOTION TO W/D GUILTY PLEA  _____    _____     _____
  ____ MOTION FOR ATTY TO W/DRAW  _____    _____     _____
  ____ OTHER                      _____    _____     _____
-----------------------------------------------------------------------------
  COURT REPORTER(S):
  ADDRESS:                            SHARMAN, DEBORAH M.
                                      C/O HON. SIBLEY REYNOLDS
                                      CLANTON          , AL 35045

  APPELLATE COUNSEL #1:
  ADDRESS:                            _____
                                      _____
                                      _____
  PHONE NUMBER:                       _____
  EMAIL ADDRESS:                      _____

  APPELLATE COUNSEL #2:
  ADDRESS:                            _____
                                      _____
                                      _____
  PHONE NUMBER:                       _____
  EMAIL ADDRESS:                      _____

  APPELLANT (PRO SE):                 STRICKLAND TOMMY
  ADDRESS:                            AIS # 124708
                                      MT MEIGS        , AL 360570000
  AIS #:                              124708

  APPELLEE (IF CITY APPEAL):
  ADDRESS:                            _____
                                      _____
                                      _____
-----------------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: SUS
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 03/14/2007
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS _14_ DAY OF _March_, 2007
                                               CIRCUIT COURT CLERK

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF ELMORE COUNTY
STATE OF ALABAMA VS STRICKLAND TOMMY          JUDGE: SIBLEY G. REYNOLDS

APPEAL DATE: 03/07/2007

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:                    X  YES ____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:             X  YES ____ NO
INDIGENT STATUS REVOKED ON APPEAL:                        ____ YES ____ NO
INDIGENT STATUS GRANTED ON APPEAL:                         X  YES  X  NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 29/CC 1986 000140.60

ORDER ENTERED(DATE): 02152007 PETITION: X DISMISSED ____ DENIED ____ GRANTED

POST-JUDGMENT MOTIONS FILED:      DT FILED      DT DENIED      CON BY AGREE
____ MOTION FOR NEW TRIAL
____ MOTION FOR JUDG. OF ACQUIT
____ MOTION TO W/D GUILTY PLEA
____ MOTION FOR ATTY TO W/DRAW
____ OTHER

COURT REPORTER(S):                SHARMAN, DEBORAH M.
ADDRESS:                          C/O HON. SIBLEY REYNOLDS
                                  CLANTON          ,  AL  35045

APPELLATE COUNSEL #1:
ADDRESS:

PHONE NUMBER:
EMAIL ADDRESS:

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:
EMAIL ADDRESS:

APPELLANT (PRO SE):               STRICKLAND TOMMY
ADDRESS:                          AIS # 124708
                                  MT MEIGS          ,  AL  360570000
AIS #:                            124708

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                   OPERATOR: SUS
ABOVE IS ACCURATE TO THE BEST OF MY             PREPARED: 03/16/2007
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS _16_ DAY OF _March_, 2007

_Larry Dozier_
CIRCUIT COURT CLERK

_Amended_

ACR371                    ALABAMA JUDICIAL DATA CENTER
          NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
                IN THE CIRCUIT COURT OF ELMORE COUNTY
STATE OF ALABAMA VS STRICKLAND TOMMY          JUDGE: SIBLEY G. REYNOLDS
-------------------------------------------------------------------------
 APPEAL DATE: 03/07/2007
-------------------------------------------------------------------------
 INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:        X   YES _____ NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  X   YES         NO
    INDIGENT STATUS REVOKED ON APPEAL:                  YES    X    NO
    INDIGENT STATUS GRANTED ON APPEAL:              X   YES         NO

 DEATH PENALTY: NO

 APPEAL TYPE: RULE 32 PETITION
-------------------------------------------------------------------------
 THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
 WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

 CO/CASE NUMBER: 29/CC 1986 000140.60

 ORDER ENTERED (DATE): 02152007 PETITION: X DISMISSED ___ DENIED ___ GRANTED
-------------------------------------------------------------------------
 POST-JUDGMENT MOTIONS/FILED:   DT FILED      DT DENIED     CON BY AGREE
 ____ MOTION FOR NEW TRIAL    _____    _____    _____
 ____ MOTION FOR JUDG. OF ACQUIT _____ _____    _____
 ____ MOTION TO W/D GUILTY PLEA _____  _____    _____
 ____ MOTION FOR ATTY TO W/DRAW _____  _____    _____
 ____ OTHER _____   _____    _____    _____
-------------------------------------------------------------------------
 COURT REPORTER(S):           _____
 ADDRESS:                     _____
                              _____
 APPELLATE COUNSEL #1:        _____
 ADDRESS:                     _____
                              _____
 PHONE NUMBER:                _____
 EMAIL ADDRESS:               _____
 APPELLATE COUNSEL #2:        _____
 ADDRESS:                     _____
                              _____
 PHONE NUMBER:                _____
 EMAIL ADDRESS:               _____
 APPELLANT (PRO SE):          STRICKLAND TOMMY
 ADDRESS:                     AIS # 124708
                              MT MEIGS      ,  AL  360570000
 AIS #:                       124708
 APPELLEE (IF CITY APPEAL):   _____
 ADDRESS:                     _____
                              _____
-------------------------------------------------------------------------
 I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR- SUS
 ABOVE IS ACCURATE TO THE BEST OF MY            PREPARED: 03/30/2007
 KNOWLEDGE AND I HAVE SERVED A COPY OF
 THIS NOTICE OF APPEAL ON ALL PARTIES TO
 THIS ACTION ON THIS 30 DAY OF March , 2007    CIRCUIT COURT CLERK

34

| State of Alabama<br>Unified Judicial System<br>Form ARAP-14     11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO:  THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: MARCH 7, 2007 |
|---|---|

APPELLANT

TOMMY STRICKLAND

v.  STATE OF ALABAMA

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __34__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this __2__ day of  __APRIL__, 2007.

_____
Circuit Clerk

Larry Dozier

ELMORE COUNTY

rel: 09/21/2007

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

**PAMELA W. BASCHAB**
**Presiding Judge**
**H.W."BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
**Judges**

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## MEMORANDUM

CR-06-0990                    Elmore Circuit Court CC-86-140.60

Tommy Strickland v. State of Alabama

Baschab, Presiding Judge.

The appellant alleges that, on March 4, 1986, he pled guilty to second-degree promoting prison contraband. He also alleges that the trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison. See §13A-5-9, Ala. Code 1975. He did not appeal his conviction. On January 22, 2007, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

I.

The appellant argues that the circuit court erroneously



dismissed his petition without first conducting an evidentiary hearing. In his petition, he argued that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law because:

>    1) the trial court improperly ordered that he serve ten years of his sentence concurrently with an existing sentence and that he serve five years of his sentence consecutively to an existing sentence;

>    2) the trial court improperly sentenced him as a habitual offender because the State did not prove any prior felony convictions; and

>    3) his sentence constitutes cruel and unusual punishment because it "has been manipulated to span of over the course of (25) twenty-five to (30) years" because the trial court ordered him to serve it concurrently in part and consecutively in part. (C.R. 17.)[1]

With regard to Claim 1, this court previously rejected such a claim in <u>Wooten v. State</u>, 466 So. 2d 161 (Ala. Crim. App. 1985). Therefore, the appellant is not entitled to relief as to that claim.

Claims 2 and 3 are nonjurisdictional claims that are precluded because the appellant could have raised them at trial and on appeal, but did not, and because they are time-barred. <u>See</u> Rules 32.2(a)(3), (a)(5), and (c), Ala. R. Crim. P.

Because the appellant's claims were without merit and precluded, the circuit court properly dismissed his petition without first conducting an evidentiary hearing. <u>See</u> Rule 32.7(d), Ala. R. Crim. P.

II.

---

[1]The appellant also raised additional claims in his petition, but he does not pursue them on appeal. Therefore, we deem those claims abandoned. <u>See</u> <u>Brownlee v. State</u>, 666 So. 2d 91 (Ala. Crim. App. 1995).

The appellant also argues that the circuit court erroneously taxed the costs of the proceedings against him after it dismissed his petition. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. <u>See</u> <u>Whitehead v. State</u>, 593 So. 2d 126 (Ala. Crim. App. 1991).

For the above-stated reasons, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, Shaw, Wise, and Welch, JJ., concur.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

October 12, 2007

**CR-06-0990**

Tommy Strickland v. State of Alabama  (Appeal from Elmore  Circuit Court: CC86-140.60)

## <u>NOTICE</u>

You are hereby notified that on October 12, 2007 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Hon. Larry Dozier, Circuit Clerk
Tommy Strickland, Pro Se
Hon. Madeline Hinson Lewis, Asst. Attorney General


RESPONDENT'S
EXHIBIT
5

# IN THE SUPREME COURT OF ALABAMA



November 9, 2007

**1070107**

Ex parte Tommy Strickland.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Tommy Strickland v. State of Alabama) (Elmore Circuit Court: CC86-140.60; Criminal Appeals : CR-06-0990).

## <u>CERTIFICATE OF JUDGMENT</u>

### <u>Writ Denied</u>

    The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

    STUART, J. -  See, Lyons, Bolin, and Murdock, JJ., concur.  Cobb, C.J., recuses herself.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 9th day of November, 2007

Clerk, Supreme Court of Alabama



# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-06-0990**

Tommy Strickland v. State of Alabama  (Appeal from Elmore  Circuit Court:
CC86-140.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on September 21st 2007:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 14th day of November, 2007.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Sibley G. Reynolds, Circuit Judge
Hon. Larry Dozier, Circuit Clerk
Tommy Strickland, Pro Se
Hon. Madeline H. Lewis, Asst. Attorney General



RESPONDENT'S
EXHIBIT
7