IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY STRICKLAND, ) | |
| # 124708, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.2:07cv1052-MHT |
| ) | [WO] |
| RALPH HOOKS, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by state inmate Tommy Strickland ("Strickland") on November 19, 2007.[1] Strickland challenges a conviction for promoting prison contraband entered against him in 1986 by the Circuit Court of Elmore County, Alabama. That court sentenced Strickland on March 4, 1986, to a term of 15 years' imprisonment, split so that 10 years would be served concurrently with an existing sentence and 5 years would be served consecutively to another sentence being served by Strickland. In March 2003 (approximately 15 years after he was sentenced), Strickland filed a notice of appeal challenging the 1986 conviction; however, the appeal was dismissed as untimely by the Alabama Court of Criminal Appeals. Because his

---

[1] Although the petition was date-stamped "received" in this court on November 30, 2007, it was signed by Strickland on November 19, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Strickland] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

appeal was not timely, Strickland's conviction was final by operation of law on April 15, 1986.

In accordance with the orders of this court, the respondents have filed an answer in which they argue that Strickland's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1), because Strickland failed to file the petition within the one-year "grace period" allowed in this circuit.[2] The respondents specifically assert that because Strickland's conviction was final in 1986 – well before the effective date of the AEDPA – he had until April 24, 1997, to file a timely § 2254 petition, as he filed no state post-conviction petition challenging his conviction during the running of the limitation period. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). The respondents acknowledge that Strickland filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in January 2007. However, the respondents maintain that this action has no impact on the running of the limitation period contained in 28 U.S.C. § 2244(d)(1), as the Rule 32 petition was filed and adjudicated by the state courts well after the federal limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Upon review of the pleadings and evidentiary materials filed in this case, it appears

---

[2]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

that Strickland failed to file his § 2254 petition within the time allowed by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Elmore County imposed the sentence for the state conviction challenged by Strickland on March 4, 1986. Strickland filed an untimely notice of appeal, which was dismissed by the Alabama Court of Criminal Appeals. Because he failed to properly undertake the direct appeal process, he was not entitled to petition the United States Supreme Court for review of his conviction. By operation of law, then, his conviction became final on April 15, 1986 – 42 days after imposition of sentence – as that was the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

In light of the foregoing, it is clear that Strickland's conviction became final before enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in § 2244(d)(1)(A) would have expired in 1987. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Strickland], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman*, 151 F.3d at 1337]." *Wilcox*, 158 F.3d at 1211. The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable

3

time" is "one year from the AEDPA's effective date." *Id*.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Strickland filed a state post-conviction petition in January 2007, the petition did not toll the one-year period of limitation applicable to the instant action, as the state petition was filed well after the one-year federal limitation period has expired. This court concludes, therefore, that the time allowed Strickland for filing a federal habeas petition expired on April 24, 1997.

Strickland did not file his federal habeas petition until November 19, 2007 – over 10 years after expiration of the reasonable time period afforded to him under applicable law. Accordingly, it is

**ORDERED that on or before February 20, 2008**, Strickland shall show cause why his federal habeas petition should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

Done this 30th day of January, 2008.

    /s/Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE