IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY STRICKLAND,<br>124708,<br>    PETITIONER, | |
| V. | Civil Action No. 2:07 cv 1052-MHT |
| RALPH HOOKS, WARDEN, *et al.*,<br>    RESPONDENTS. | |

## STATEMENT OF FACTS

   **THIS ACTION IS A RESULT OF**, the petitioners (TOMMY STRICKLAND) 1986 conviction and subsequent sentence for the charge of prom prison cntrband II To Wit: (1) one joint of marijuana. Case no. N86000140. Strickland recieved a sentence of 15 years. The manner that the sentence was imposed is/was that 10 years of this sentence was to be served concurrent with a 25 year term that Strickland was already serving and the remainding 5 years of this sentence would be served consecutive to the 25 year term. Strickland claims that this sentence is improper/illegal according to Alabama law code of 1975. There does exist law to support Stricklands claim.
   Since the original sentence in 1986, Strickland has repeatedly attempted to have this error of sentence corrected and has been denied justice/relief at every turn. On Jan. 22,2007, Strickland filed a "rule 32" into the Elmore County Circuit Court, in which he presented his claims. The Circuit Court dismissed his rule 32. Since that denial, Strickland has appealed his cause up to the present. It must be noted that Strickland has exhausted all State Remidies as is prescribed by law.
   The claim and main thrust of Strickland's Rule 32 is/was that the sentence is improper and illegal due to a number of issues, the 1st being that the sentence is a "split sentence" and at the time of the imposition of this sentence there was no provision of law that would allow for such a sentence. The only provision for such a split sentence is under Title 15-18-8 Code of Alabama 1975 which became a law in the mid 1990's therefore is not applicable in this instance. Next, Strickland asserts that the sentence is improper/illegal due to the fact that there are very specific rules that govern how a Court is to sentence a defendant and how a defendant is to serve his/her sentence, Code of Alabama 1975 Title 14-3-38. It is clear that Strickland's Constitutional Rights have been violated and is due to recieve relief. Therefore, Strickland Appeals to This Court in a final plea to ask that this error in his sentence be corrected.
   In addition, Strickland will present for the first time proof that the sentence in it's entirety has been served as is a provided by law. It is the sincere hope that this Honorable Court look at all the evidence and facts presented and grant relief.

(1)

While Strickland will fully admit he is not a trained law professional, infact, has very little understanding of the actual workings of the justice system, it is clear to him this is not proper/legal and it appears that every Court thus far has allowed the "State" to manipulate or evade the real issue of this Sentence being Illegal/Improper. It appears that the Courts are doing all that can be done to support a act of injustice rather than to make a simple correction in a sentence that is not authorized by law.

In the following document, Strickland will show, the State has repeatedly contridicted itself, has evaded every vital point that the defendant has presented to obtain relief that is due him. The defendant *is not* a trained law professional, is doing his very best to present his case in a professional manner with very limited acess to current law. As a "pro-se" ligitant and a prisoner the resources avaiable to him are not really adequate to challenge a force of trained professionals with unlimited resources yet, through perserverance and determination this petitioner is doing his best, and therefore ask that the Honorable Court give some Judical Leniecy in this matter. The fact that a Federal Writ Of Habeus Courpus, may not be the "proper avenue" does not change the fact that a petitioner has a valid claim and should for the benifit of justice as well as in the intrest of efficicency for the Courts be granted relief were it is a known fact that an error has been made. Infact, this petitioner, is of the belief that a Court is "bound by law" to correct any error when it becomes aware of such an error, by whatever lawful means The Court finds apporiate. Is this not so? It is under this claim that Strickland ask that the Honorable Court review this Writ of Habus Corpus and grant relief to Strickland.

## ISSUES AT BAR

### *I* THIS WRIT OF HABEAS CORPUS SHOULD BE GRANTED BECAUSE THE DEFENDANT HAS ALREADY SERVED HIS SENTENCE.

The petitioner's constitional rights have been violated in that the ***application*** of the sentence imposed was/is improper/illegal according to Alabama State Law.
Title 14-3-38 is very specific on ***how a sentence is to be handed down and how said sentence is to be served.*** In Title 14-3-38 It would appear that the legisllative intent is for a sentence to be run ***either/ or current or consecutive*** .Nowhere does it give a judge the authority to "split" a sentence to be served both concurrent and consecutive. As is the case at hand. therfore the sentence ***IS IMPROPER AND ILLEGAL*** in that aspect alone.
 However, more important, is the fact that under 14-3-38 it states ***a sentence once begun must run in it's entierty*** Clearly this has not been the case in this instance. Strickland was sentenced on 3/4/86, The sentence ***STARTED*** on 3/4/86 and therefore **MUST** continue to run. This has been long benn established and upheld in Alabama State law:
(***EX PARTE KING 16 ALA. APP.118 1917***) ,( ***EX PARTE AGEE 474 SO 2D 161 1985 AL.) (WHITE V. PEARLMAN 42 F 2D 788,789 10TH 1930).***

### *II.* THE PETITIONER HAS COMPLETED HIS SENTENCE AND HIS CONSTITIONAL RIGHTS HAVE BEEN VIOLATED.

Strickland was paroled on case # N82000266, (ROBBERY 1 , 25 YEAR TERM) on 8/1/90
and released from coustody. By law, Strickland then began his "consecutive" portion of his sentence from case# N86000140 (5 years) Thus his sentence ***MUST BEGAN*** at that time
(8-1-90) and his time should continue to run. therefore, the sentence is now expired. (LUQUIRE V. HOLMAN 279 ALA. 203,183 SO 2D 799 1966). Futhermore, Alabama's "good time act " changed and "incentive good time was increased to terms for 15 years, retro-active, Strickland is entitled to such benifits which would effectively terminate his sentence also. At the present time Strickland is not afforded this time, for whatever reason the A.D.O.C. has not calculated Strickland's time to reflect a new E.O.S. date The petitioner respectfully request that The Honorable Court refer to document"CASE INFORMATION, CASE # 29-CC-1986-000140.00" from Elmore County to substanitate his claims in this issue..

### *III.* REASON THIS HABEUS CORPUS SHOULD NOT BE TIME BARRED

The current Habeas Corpus stems from a "rule 32 petition" filed to the Elmore County Court in reguard to a "Jurisdictional Issue" The original petition was filed on Jan. 22.2007, Strickland has kept this case "active " through the present time and therefore is not time barred. The action brought before the Court at the present time is just over 1 year old. Although, mention has been made of the "conviction" Strickland does not challenge his conviction, never has intended to do so.

**THE ONLY** issue Strickland is interested in is the sentence imposed. Strickland is prepared to conceed that it is possible the sentence imposed is legal and proper the application of said sentence is not. TO WIT; **NO SENTENCE CAN BE MADE TO BE SERVED IN "INSTALLMENTS"** such is the case at present.

## RELIEF SOUGHT

*I.* Strickland respectfully ask the Court to review the real issues he has presented and to issue an order that will deem the 15 year sentence imposed on 3/4/86 to be terminated as it has infact been served in it's entierty. The sentence began on 3/4/86 and through no fault of his onw, Strickland was released from coustody (parole) on 8/1/1990, thus the second portion of the sentence began at that time. That portion of the sentence was for a period of (5) five years, anyway a person views this, the sentence is finished and by law be deemed null & void.

**WHEREFORE THE PETITIONER RESPECTFULLY PRAYS THAT THIS COURT TAKE ACTION TO CORRECT THE ERROR THAT IS AT HAND.**

---

*NOTE: Strickland would like to give only one exsample of how the State has attempted to cloud the issues presented, in that in the original response to his rule 32*
*petition the State argued that Strickland's sentence was not a split sentence. Then, in it's response to the Alabama Superme Court it says it is infact a split sentence. It leaves one to wonder... is it a split sentence or not ? If it is, then clearly the sentence is infact improper/illegal since in 1986 Alabama had no "split sentence" provisions in it's law.*

RESPECTFULLY SUBMITTED

TOMMY STRICKLAND A.I.S. 124708

*/s/ Tommy Strickland 124708*

DONE THIS 11TH DAY OF FEBUARY 2008

NOTARY PUBLIC:
*/s/ Emora C. Lane*

MY COMMISION EXPIRES:
7-20-2010

To:
A.D.O.C. Red Eagle
Red Eagle Honor Farm
1290 Red Eagle Road
Montgomery, AL. 36110

Honorable Susan Russ Walker
c/o Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711