IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY STRICKLAND, # 124708, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:07cv1052-MHT |
| | ) | (WO) |
| RALPH HOOKS, WARDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. BACKGROUND

Tommy Strickland ("Stickland"), an Alabama inmate, is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 19, 2007.[1] Strickland challenges a conviction for promoting prison contraband entered against him in 1986 by the Circuit Court of Elmore County, Alabama. That court sentenced Strickland on March 4, 1986, to a term of 15 years' imprisonment, split so that 10 years would be served concurrently with an existing sentence and 5 years would be served consecutively to another sentence being served by Strickland. In March 2003 (approximately 15 years after he was sentenced), Strickland filed a notice of appeal challenging the 1986 conviction; however, the

[1]Although the petition was date-stamped "received" in this court on November 30, 2007, it was signed by Strickland on November 19, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Strickland] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

appeal was dismissed as untimely by the Alabama Court of Criminal Appeals. Because his appeal was not timely, Strickland's conviction became final by operation of law on April 15, 1986, 42 days after he was sentenced. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). In his federal habeas petition, Strickland argues that his state sentence is unlawful because the trial court had no authority to order that he serve 10 years of his sentence concurrently with an existing sentence and that he serve 5 years of his sentence consecutively to another existing sentence. (*Doc. No. 1 at pp. 3-7.*)

The respondents argue that Strickland's petition is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1), because Strickland failed to file the petition within the one-year "grace period" allowed in this circuit.[2] (*Doc. No. 13 at pp. 5-8.*) The respondents specifically assert that because Strickland's conviction was final in 1986 – well before the effective date of the AEDPA – he had until April 24, 1997, to file a timely § 2254 petition, as he filed no state post-conviction petition challenging his conviction during the running of the limitation period. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). The respondents acknowledge that Strickland filed a state post-conviction petition pursuant to Ala.R.Crim.P. 32 in January 2007. However, the respondents maintain that this action has no impact on the running of the limitation period contained in 28 U.S.C. § 2244(d)(1), as the Rule 32 petition

---

[2]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

was filed and adjudicated by the state courts well after the federal limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Based on the respondents' argument, this court entered an order advising Strickland that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 14.*) The order also gave Strickland an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Strickland took the opportunity granted to file a response. (*Doc. No. 15.*)

Upon review of the pleadings filed by the parties and the applicable federal law, the court concludes that Strickland's habeas petition should be denied and this case dismissed with prejudice because the petition was not filed within the time allowed by applicable federal law.

## II. DISCUSSION

### *A. Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the

> conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute directs that the limitation period for filing a habeas petition under 28 U.S.C. § 2254 begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. The Circuit Court of Elmore County imposed the sentence for the state conviction challenged by Strickland on March 4, 1986. Strickland filed an untimely notice of appeal, which was dismissed by the Alabama Court of Criminal Appeals. Because he failed to undertake the direct appeal process properly, he was not entitled to petition the United States Supreme Court for review of his conviction. By operation of law, then, his conviction became final on April 15, 1986 – 42 days after imposition of sentence – as that was the date on which his time to seek direct review expired.

Ala.R.App.P. 4(b)(1); *Bridges*, *supra*, 284 F.3d at 1202. *See also* Rule 13.1, *Rules of the United States Supreme Court*.

Strickland's conviction became final before enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in § 2244(d)(1)(A) would have expired in 1987. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Strickland], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman*, 151 F.3d at 1337]." *Wilcox*, 158 F.3d at 1211. The Court has further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is "one year from the AEDPA's effective date." *Id*.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Strickland filed a Rule 32 petition in the state court in January 2007, the petition did not toll the federal limitation period applicable to the instant action, as the state petition was filed well after the one-year federal limitation period has expired. This court concludes, therefore, that the time allowed Strickland for filing a federal habeas petition expired on April 24, 1997.

Strickland did not file his federal habeas petition until November 19, 2007 – over 10 years after expiration of the reasonable time period afforded to him under applicable law.

***B. Other Statutory Exceptions to Limitation Period***

Any efforts by Strickland to find safe harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) would be unavailing in this case.[3] There is no evidence that any unconstitutional or illegal State action impeded Strickland from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Strickland's claims also do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Strickland does not submit any grounds for relief that arguably could not have been put forth earlier under the exercise of due diligence. *See* § 2244(d)(1)(D).

***C. Equitable Tolling of Limitation Period***

The limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of

[3]Strickland does not assert that these tolling provisions should be applied to his petition.

extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

As noted above, this court entered an order allowing Strickland an opportunity to show cause why his petition should not be time-barred from review by this court. *(Doc. No. 14.)* While Strickland did file a response to the court's order (*Doc. No. 15*), his response contains no argument asserting any credible basis either for equitable or statutory tolling of the limitation period in this case. Because Strickland has shown no basis for tolling, statutory or equitable, his federal habeas petition is time-barred, and it is unnecessary to address the merits of the claims he raises in the petition.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied as time-barred and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 16, 2009**.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 3rd day of November, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE